334 So.2d 745 (1976)
Sibyl SHEPARD, Plaintiff-Appellant,
v.
James E. SHEPARD, Defendant-Appellee.
No. 5497.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1976.
*746 Allen, Gooch & Bourgeois by Arthur Robison, Lafayette, for plaintiff-appellant.
Olivier & Brinkhaus by John L. Olivier, Sunset, for defendant-appellee.
Before HOOD, WATSON and PETERS, JJ.
HOOD, Judge.
Mrs. Sibyl Shepard instituted this suit seeking a separation from bed and board from her husband, James E. Shepard. Incidental to the suit, she prayed for alimony pendente lite. After a hearing on the rule for alimony, the trial judge rendered judgment ordering defendant to pay alimony pendente lite to plaintiff in the amount of $600.00 per month, plus the additional sum of $175.00 per month "when Sibyl Shepard does not reside in the last common dwelling." Mrs. Shepard appealed, claiming that the amount of the award should be increased. Defendant answered the appeal, praying that it be reduced.
The sole issue presented is whether the amount awarded by the trial court as alimony pendente lite should be increased or reduced.
*747 The applicable law is set out in LSA-C.C. art. 148, which provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
In making an award for alimony pendente lite, the court must take into consideration the needs of the wife and the husband's means. The actual needs for the maintenance and support of the wife must first be ascertained, and if the amount needed is proportionate to the husband's means, that amount should be awarded. If her needs exceed the husband's ability to pay then alimony pendente lite should be fixed at a sum which will as nearly as possible be just and fair to all parties involved. Small v. Small, 173 So.2d 854 (La.App. 4 Cir. 1965).
If the means of the husband are sufficient, the wife ordinarily is entitled to alimony pendente lite in an amount which is sufficient to maintain her in a standard of living comparable to that which she enjoyed prior to her separation from her husband, by reason of her husband's means and position in the community. Nelson v. Nelson, 311 So.2d 268 (La.App. 1 Cir. 1974); Small v. Small, supra; Bernard v. Bernard, 300 So.2d 499 (La.App. 3 Cir. 1974).
The fixing of the amount which the husband should be required to pay to his wife as alimony pendente lite is largely within the discretion of the trial judge, and his conclusions as to the amount of the award ordinarily will not be interfered with on appeal unless there has been a clear abuse of discretion. McMath v. Masters, 198 So.2d 734 (La.App. 3 Cir. 1967); Stansbury v. Stansbury, 258 So.2d 170 (La.App. 1 Cir. 1972).
The record in the instant suit shows that Mr. and Mrs. Shepard were married on September 17, 1972, and that immediately thereafter they established their home on a small farm which Mr. Shepard had purchased prior to his marriage. No children were born of that union.
The parties separated on March 19, 1975, and they have not lived together since that time. This suit was instituted on August 21, 1975, and a hearing was held on the rule for alimony on September 19, 1975. The trial court rendered judgment awarding her alimony pendente lite on September 29, 1975.
Mrs. Shepard continued to live on her husband's farm, in the house they had occupied as their matrimonial domicile, from the time they separated until the date of the above hearing. The record shows, however, that judgment was rendered later in this suit ordering Mrs. Shepard to vacate the farm premises on or before November 1, 1975.
Both parties agree that Mrs. Shepard vacated the farm on November 1, 1975, and that she now "does not reside in the last common dwelling." Plaintiff thus is entitled to alimony pendente lite in the amount of $775.00 per month, under the judgment rendered by the trial court.
Plaintiff had been married previously, and children were born of that union. All of her children are grown, however, and none of them live with her. No one is dependent upon her for support. She owns some rental property which belongs to her separate estate, and she receives $360.00 per month as rentals from that property. Out of those receipts she makes monthly payments on a mortgage indebtedness due on that property, and she pays the expenses incurred for repairs, insurance and taxes. There is a dispute as to the amount she pays for repairs, insurance and taxes, but Mrs. Shepard concedes that she nets at least $110.00 per month from that rental property.
*748 Plaintiff's income, including the net return from her rental property and the alimony awarded by the trial court, thus amounts to $885.00 per month. She is not employed and she has no other income. The evidence shows that she owes no debts, other than the mortgage indebtedness due on her separate property, that she is in good health, and that she has no unusual expenses.
Mrs. Shepard lived with her husband on the latter's farm during the entire time they lived together. They raised cows, horses and dogs on the farm, and that involved feeding those animals, repairing fenses, recovering stray cattle and treating them for diseases. They did not have a maid or any other employee, and they alone apparently did all the work which had to be done on that farm. Plaintiff testified that prior to their separation she and defendant took vacations and went on trips together, and that occasionally they ate out at restaurants, but that they would not do that often. After their separation, Mrs. Shepard continued to live alone on the farm. She testified that she took care of the animals, repaired the fences, kept up the insurance and maintained the farm property while she lived alone on that property, but that it has been necessary for her to employ someone to assist her in managing the farm.
Plaintiff submitted a list of her estimated monthly expenses for herself, and for the upkeep of her rental properties and her home. The expenses shown on that list amount to the total sum of $1,942.91 per month. She includes on that list estimated amounts she expects to pay on the mortgage indebtedness and for insurance, repairs and taxes due on her separate rental property, amounting to $255.60. We have already considered and allowed those expenses in determining that she has a net income of $110.00 per month from that property.
Plaintiff also lists as her anticipated monthly expenses some payments which relate solely to the operation of her husband's farm. These include farm insurance, flood insurance, utilities, farm labor, animals, feed and upkeep of farm animals, upkeep of well and water softener, exterminator, and gas, oil, upkeep and insurance for pick-up truck. The items which relate solely to the operation of the farm amount to the aggregate sum of $415.31. Those expenses obviously will not be incurred by plaintiff now that she does not live on the farm and does not have the responsibility of managing it.
Plaintiff lists some other anticipated expenses which are questioned by defendant. She contends, for instance, that for her maintenance it will be necessary for her to incur the following expenses each month:

Apartment Rental $275.00
Food 220.00
Clothing 150.00
Beauty Shop 46.50
Cosmetics 13.00
Newspapers, magazine, books 25.20
Entertainment & recreation 100.00
Vacation 85.00
Federal Income Tax 150.00
Schatzie (plaintiff's dog) 12.00

Plaintiff concedes that she merely estimated what her expenses would be for some of those items. The trial judge did not assign written reasons for his conclusions as to the award of alimony pendente lite, but we presume that he felt that some of plaintiff's estimates were inflated. We find that the evidence does not support awards of the amounts claimed for several of the above items, and particularly her claim for apartment rental, food, clothing, entertainment, vacation and Federal Income Tax.
Defendant is employed as manager of a J. C. Penney Store in Lafayette. He is paid an annual salary of $20,880.00, and he receives a substantial bonus each year. His adjusted annual income from 1972 through 1974, according to his income tax *749 returns, ranged from $44,085.14 to approximately $51,000.00 (excluding the sale of some Texas property in 1973) before the deduction of income taxes. We agree with plaintiff that defendant is able to pay more than was awarded by the trial court. The question presented, however, is whether plaintiff has established that she needs more than that amount for her maintenance.
Plaintiff has cited several cases to support her argument. Each of those cases, however, involved claims for the support of the wife and minor children, and only two of them involved awards which can be compared to the award made in this case. The claim in the instant suit, of course, is solely for the support of the wife, there being no minor children.
In Nelson v. Nelson, supra, cited by plaintiff, the husband's means were substantially greater than are defendant's means in this suit, and the wife was accustomed to a much more luxurious standard of living than plaintiff has shown here. In that case, for instance, the wife enjoyed a social secretary, a live-in housekeeper, two full-time servants, thoroughbred horses and memberships in social clubs. The First Circuit Court of Appeal affirmed an award to her of $750.00 per month as alimony pendente lite and $750.00 per month for child support.
Substantially the same circumstances as existed in Nelson, supra, were presented in Gardes v. Gardes, 249 So.2d 221 (La.App. 4 Cir. 1971), also cited by plaintiff. In that case the court awarded the wife $1,350.00 per month for the support of herself and their three children, ranging in ages from 15 to 19, each of whom attended a private school and had his own automobile.
After considering the facts presented here, the authorities cited and the arguments of counsel, we have concluded that the trial judge did not abuse the discretion vested in him in awarding plaintiff alimony pendente lite in the amount of $775.00 per month. We thus will not disturb that award.
For the reasons assigned, the judgment appealed from is affirmed. In view of the provisions of LSA-C.C.P. art. 2164 and defendant's obligation to support his wife pending this suit, the costs of this appeal are assessed to defendant-appellee.
AFFIRMED.