348 So.2d 707 (1977)
Elouise Donahue HALL
v.
Jeremiah E. HALL.
No. 11409.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
James H. DuPont, of DuPont, DuPont & DuPont, Plaquemine, for plaintiff-appellee.
Patrick W. Pendley, of Freeman & Pendley, Ltd., Plaquemine, for defendant-appellant.
Before LANDRY, EDWARDS and COLE, JJ.
EDWARDS, Judge.
This is a suit by Mrs. Elouise Donahue Hall against Jeremiah E. Hall for a separation from bed and board on the grounds of abandonment. Mr. Hall filed a reconventional demand seeking a separation on the grounds of mental anguish and cruelty. The trial court rendered judgment in favor of Mrs. Hall, and fixed alimony pendente lite at $75.00 per month. Mr. Hall has appealed from the trial court's award of alimony pendente lite.
The sole issue assigned for review is whether or not Mrs. Hall presented sufficient proof of need to justify the award of $75.00 per month alimony pendente lite.
The applicable Civil Code provision for alimony pendente lite is Article 148, which provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband."
The purpose espoused by this article is the maintenance of the wife at a standard of living comparable to that which she enjoyed prior to her separation from her husband. Shepard v. Shepard, 334 So.2d 745 (La.App. 3rd Cir. 1976). In essence, alimony pendente lite is no more than a judicial *708 enforcement of the husband's obligation to support his wife. Nelson v. Nelson, 311 So.2d 268 (La.App. 1st Cir. 1974); amended 318 So.2d 68. This alimony must be gauged in proportion to the needs of the wife and the means of the husband. Hartley v. Hartley, 336 So.2d 291 (La.App. 1st Cir. 1976).
In the instant case, Mrs. Hall testified that she is employed and earns $218.00 per month. She then testified regarding her expenses. She stated that she does not pay monthly rent as she lives with her daughter, but she does pay the food and utility bills. She testified that she has currently due medical bills in the amount of $940.00 and that she must make monthly payments on these bills as her husband has refused to pay them. Finally she testified that she pays a monthly car note on an automobile purchased by her in her name from a previous marriage.
Mr. Hall testified that he earns $328.00 per month. He also testified, in detail, regarding his monthly expenses.
The trial court concluded, after hearing all the testimony, that Mrs. Hall had demonstrated sufficient need for the awarding of alimony pendente lite. We agree.
The alimony award was fixed by the trial court at $75.00 per month.
It is well settled that trial judges are vested with much discretion in fixing awards for alimony pendente lite. A reviewing court will not disturb such an alimony award in the absence of a clear showing of an abuse of said discretion. Shipp v. Shipp, 180 La. 881, 158 So. 5 (1934); Fuori v. Fuori, 316 So.2d 803 (La.App. 1st Cir. 1975).
We find no abuse of the trial court's discretion in this instance.
For the reasons assigned, the judgment of the trial court is affirmed at appellant's cost.
AFFIRMED.