369 So.2d 479 (1979)
Edythe LILES
v.
Robert LILES.
No. 9613.
Court of Appeal of Louisiana, Fourth Circuit.
March 7, 1979.
Rehearing Denied April 16, 1979.
*480 Reuter & Reuter, Arthur C. Reuter, Jr., New Orleans, for plaintiff-appellee.
Satterlee, Mestayer & Freeman, Charlotte A. Hayes and A. D. Freeman, New Orleans, for defendant-appellant.
Before SAMUEL, LEMMON and GARRISON, JJ.
SAMUEL, Judge.
Defendant appeals from judgments which dismiss his reconventional demand for a legal separation on the ground of cruel treatment and award plaintiff alimony pendente lite and child support. The wife was awarded the separation on the ground of abandonment.
The cruel treatment of which plaintiff complains is that he suffers from hypertension, and is thus limited to working at a relatively low paying job, while his wife, a surgical nurse, refuses to return to work to assist with family expenses. The record reflects the parties have been married for 24 years and have an 11 year old daughter. Defendant, who had recently changed jobs and thus was unable to accompany his wife and daughter on their annual vacation to visit her parents in Florida, moved out of the family home prior to their return, taking with him various items of property and several thousand dollars which he withdrew from community accounts.
Plaintiff had worked for 13 years prior to the birth of their child, but had not worked since that time. She states she would have to take a refresher course before returning to work and she does not drive an automobile, which would make transportation to and from work extremely difficult. She does not wish to return to work at this time, preferring to remain at home to take care of the child, especially when the child leaves for and returns from school.
The husband is resentful of the fact that his wife frequently tries to get him to obtain a better paying job and occupies her time doing volunteer work at a Baptist Mission, attending homemaking meetings and bible classes, and playing cards one afternoon per week. Although he admits she was an immaculate housekeeper until a few years ago (before she became engaged in bible study), he finds the house is not as neat as it used to be. The wife denies nagging him to get a better job and states she had always managed to "make do" on his income.
Considering that the wife, instead of continuing to work, remained home to take care of the child and house, together with the fact that the family could and did live within the family income, we agree with the trial court that her conduct did not constitute cruel treatment.
Relative to the question of alimony and child support, plaintiff was awarded a total of $475 per month, $300 for alimony and $175 for the support of the minor child. The wife submitted a monthly expense list of $593, exclusive of an additional 10% tithe to her church. The expenses to which she testified were joint expenses for herself and the child, and not otherwise specifically enumerated. She itemized these expenses as follows:

 Food ...................................... $175.00
 Clothing .................................. 150.00
 Medical and Dental
 (in addition to that supplied
 by insurance) ........................... 40.00
 Transportation ............................ 20.00
 Drugs ..................................... 20.00
 School Expenses (for the child) ........... 10.00
 House Insurance and
 Termite Expense ......................... 20.00
 Entertainment .............................. 20.00
 Miscellaneous (Child care, newspapers,
 books, gifts, and
 contributions) ........................... 30.00
 Checking Account ........................... 3.00
 Pet Food ................................... 5.00
 Church (10% of income $593) ................ 59.30
 _______
 TOTAL ...................................... $652.30

The defendant earns $6.50 per hour as a salesman. He receives two checks per *481 month for wages, $408 and $366, respectively. Thus, his monthly net earnings total $774. He itemized his expenses as follows:

Rent ....................................... $150.00
Garage (for a boat) ........................ 25.00
Food ....................................... 150.00
Utilities .................................. 25.00[1]
Laundry .................................... 25.00
Doctor ..................................... 20.00
Drugs ...................................... 21.00
Insurance (house) .......................... 20.00
Life Insurance ............................. 20.00
Car Insurance .............................. 50.00
Car Expenses ............................... 50.00
Recreation ................................. 20.00
Clothes and Shoes .......................... 20.00
Tish (whatever that is) .................... 30.00
Miscellaneous (not otherwise identified) ... 25.00
Phone ...................................... 10.00
 _______
TOTAL ...................................... $626.00.

In addition to his income, before moving from the family home the husband withdrew a $6,500 bank deposit, with which he paid approximately $1,000 in outstanding bills. He also has a bond in the sum of $1,000 and a mutual fund of from $5,000 to $6,000. However, he has been enjoined from using any of this money.
Louisiana Civil Code Article 148 provides:
"If the wife has not a sufficient income for her maintenance pending the suit for separation from bed and board or for divorce, the judge shall allow her, whether she appears as plaintiff or defendant, a sum for her support, proportioned to her needs and to the means of her husband." LSA-C.C. Art. 148.
Generally, alimony pendente lite under Article 148 is a judicial enforcement of the husband's obligation under LSA-C.C. Art. 120 to support the wife during the marriage.[2]
In making an award of alimony pendente lite in a suit for separation, the actual needs for support and maintenance of the wife (and child) must first be ascertained, and if the amount needed is proportionate to the husband's means, that amount should be awarded; if her needs exceed the husband's ability to pay, alimony pendente lite should be fixed at a sum which will as nearly as possible be just and fair to all parties involved.[3]
We are aware of the fact that the trial court, especially in this matter concerned with alimony and child support, has a wide discretion and his conclusion thereon should not be disturbed except for manifest error.[4]
We are not impressed by the amounts of some of her needs as expressed by the wife, and we are impressed by some of the basic needs for himself as expressed by the husband. We note the wife is living in the home owned by the community, which is fully paid for, at no cost to her. We also note she and the child are covered by hospitalization insurance deducted from her husband's salary.
On the other hand, the husband must pay $115 monthly for the rental of an apartment, $41 as a recurring expense for medical and medication purposes (primarily due to his hypertension), $20 for insurance premiums on the house occupied by the wife, $20 for premiums on an insurance policy on his life (in which policy his wife and daughter are beneficiaries), $50 for car insurance on the vehicle he is required to have in order to perform his work, and $10 for a telephone also required in his work. These amounts total $256, all of which must be taken out of his take-home pay.
After subtracting only the alimony and child support of $475 awarded to the wife from the husband's take-home pay of $774, *482 he has only $299 remaining for his own living expenses. If we subtract the above figure of $256 (which we feel the husband should pay and which in part consists of unavoidable living and working expense, with the remainder being solely for the benefit of his wife and child) from $299, this leaves him with only $43 per month to pay for all of his other living expenses, including such essentials as food and clothing. It appears clear to us that the husband simply cannot live on this amount.
While we understand it is difficult and often (as here) impossible to stretch one salary, which may be barely sufficient to support one household, to the point where it can support two households, the burden of trying to do this impossible task should be shared by both the husband and the wife. Accordingly, we are of the opinion that, under all of the circumstances, the alimony award should be reduced to $225 per month and the child support award should be reduced to $150 per month. We amend the judgment to reflect this view. While we realize the monthly difference of $100 added to what the husband retains and subtracted from what the wife receives in alimony and child support under the trial court judgment may be a relatively small amount insofar as manifest error is concerned, under the facts of this case it appears to us that every dollar counts.
For the reasons assigned, the judgment appealed from is amended to reduce the award for alimony from $300 per month to $225 per month, and to reduce the award for child support from $175 per month to $150 per month. As thus amended, and in all other respects, the judgment appealed from is affirmed.
AMENDED AND AFFIRMED.
LEMMON, J., concurs in part and assigns reasons.
LEMMON, Judge, concurs in part and assigns reasons.
I fully agree, as to the judgment of separation, that the evidence most favorable to the prevailing party establishes abandonment without lawful cause.
As to the alimony, more than one year has passed since the judgment of separation, and either party may obtain a divorce which would terminate the alimony pendente lite obligation. Therefore, any modification of that portion of the judgment will have little practical significance (although the thorough analytical treatment by the writing judge achieves substantial justice on the facts existing when the trial court judgment was rendered).[1]
The most difficult issue is child support. The Ward rationale does not apply to the child support obligation, which neither parent can avoid by unreasonably refusing to work. However, since the wife has begun a hospital refresher course in nursing, and since there was about $6,000.00 in cash owned by the community but not yet distributed, the issue of child support will probably be in an entirely different perspective at the time a demand for alimony under C.C. art. 160 is presented and decided. I therefore simply concur in the result at this time.
LEMMON, Judge, concurs in the denial of the application for rehearing and assigns reasons.
I concur in the denial of the application for rehearing for the reasons assigned in Hingle v. Hingle, 369 So.2d 271, La.App. 4th Cir., 1979.
NOTES
[1] On the list as $25.00, but identified as $125.00 in the testimony.
[2] Ward v. Ward, La., 339 So.2d 839.
[3] Shepard v. Shepard, La.App., 334 So.2d 745; Lewis v. Lewis, La.App., 329 So.2d 778; Thomas v. Thomas, La.App., 281 So.2d 471.
[4] Hall v. Hall, La.App., 348 So.2d 707; Shepard v. Shepard, supra, note 3; Johnson v. Johnson, La.App., 317 So.2d 691.
[1] The facts in this record (an experienced registered nurse refusing to work, while her partially disabled husband earns meager income), if unchanged at the time of any demand for alimony under C.C. art. 160, cry out for a reconsideration of the rationale of Ward v. Ward, 339 So.2d 839 (La.1976).