425 So.2d 986 (1983)
Chilane M. O'PRY
v.
Jerry O'PRY.
No. 5-367.
Court of Appeal of Louisiana, Fifth Circuit.
January 10, 1983.
*987 Daniel E. Becnel, Jr., Reserve, for plaintiff-appellee.
Gross, Diasselliss & Tillman, Tony C. Tillman, LaPlace, for defendant-appellant.
Before BOUTALL, CHEHARDY and GAUDIN, JJ.
CHEHARDY, Judge.
This is an appeal by the husband from a judgment which awarded his wife a separation a mensa et thoro, custody of the minor child and $150 per month for its support, and alimony pendente lite in the sum of $200 per month.
Appellant contends the trial court erred in failing to award him the separation based upon his reconventional demand, and further, that the monetary awards are excessive. The wife's suit was based on the husband's abandonment, and his reconventional demand was based on her abandonment and cruel treatment.
At the trial on the merits it was established that the parties had married in 1974 and lived and worked in Louisiana until June 1981 when they moved to Florida where the husband expected to have another job. After their arrival the prospective job failed to materialize and the husband absented himself without explanation and came home drunk.
After they had been in Florida two or three weeks the husband told his wife he did not love her. He bought plane tickets for the wife and child, took them to the airport and sent them home to her mother in Louisiana.
Prior to the move to Florida the wife had a job with Shell Oil Corporation, and the husband was employed at the Goodhope Oil Refinery at a salary of $11 per hour.
The wife wanted to return to Florida to make a go of the marriage, but her husband intended to be out of town the weekend she planned to arrive. She went to Florida with her brother, sister and a friend to bring her furniture, clothes and jewelry back to Louisiana. Her husband had sold the freezer and dryer, and her good clothes and jewelry were nowhere to be found.
Her husband arrived at the apartment while she was moving and spoke to her brother and the friend stating he wanted to be on his own. He wanted his freedom. His wife was very upset, but they did not speak to each other.
Defendant argues the abandonment occurred when the wife left the matrimonial domicile and refused to return and thus the judgment should have been rendered in his favor.
We do not agree.
The wife's testimony at trial was that "I wanted to stay to work my marriage out. * * * He made me come home to my parents." She further stated when questioned by counsel:
"A. Finally he just told me he didn't love me anymore.
Q. What did he tell you to do?
A. To go back home."
She testified that her husband, after telling her this, bought her a ticket to go home and took her to the airport. When asked why he had done this she replied:
"I thought that we were going to get back together. Just told me he needed time. But he kept me on, well, for a whole month, and finally I called him and he told me he didn't love me anymore or the baby."
And in regard to her return to the last residence shared, the wife testified defendant "told me that he didn't want me no more." In this regard there was corroborating testimony that defendant told his wife's brother that he was ready to be on his own, to have his freedom.
Appellant suggests in his brief that the wife has not asked her husband to reconcile or return to live with her. She testified:

*988 "Q. Did you attempt to go back to Florida to meet him?
A. Yes, sir.
* * * * * *
A. I asked him to come back.
* * * * * *
A. At first he kept telling me that he would come down to talk to me, and we were to discuss a bunch of stuff. And finally I started pleading for him and begging him to come down here to talk to me, but he finally told me he didn't love me or the baby and he didn't want us anymore. * * *"
The law applicable to the present situation is to be found in C.C. arts. 138(5) and 143, which read as follows:
"Separation from bed and board may be claimed reciprocally for the following causes:
* * * * * *
5. Of the abandonment of the husband by his wife or the wife by her husband * * *." C.C. art. 138(5).
"Separation grounded on abandonment by one of the married persons can be admitted only in the case when he or she has withdrawn himself or herself from the common dwelling, without a lawful cause, has constantly refused to return to live with the other, and when such refusal is made appear in the manner hereafter directed." C.C. art. 143.
We have interpreted these articles to mean that for a party to prevail on an allegation of abandonment not only must there be a withdrawal from the matrimonial domicile but there must also be exhibited on the part of the spouse who left, a constant refusal to return. Schexnayder v. Schexnayder, 343 So.2d 393 (La.App. 4th Cir.1977).
In the instant case the wife left the husband after the husband made it clear he no longer wanted her or their child and bought their tickets, even escorting them to the plane to go home to her parents. It is quite clear defendant knew their departure was not for the purpose of a short visit. It is also evident the husband made no effort to return to his family because when he returned to Louisiana about two months after his ill-fated move to Florida, he moved to Shreveport where he resides with his grandmother. In our opinion the acts of defendant indicate his intent that there be no reconciliation and that it was he, not his wife, who abandoned the marriage.
Relative to the awards for child support and alimony pendente lite: The wife and child reside in La Place with her parents. The wife worked briefly at a temporary job and has been actively seeking employment because she does not want to freeload on her family. She received $100 on two occasions from her husband and gave both checks to her parents to help with expenses.
The wife estimated the expenses for herself and the child amount to $650 per month. She itemized these in detail. They appear reasonable.
The husband itemized his own needs at $1,138 per month. However, he stated he is unemployed and claims he has not worked since he moved to Florida. He has not applied for his old job back or looked for work in the river parishes because he would "rather not work down there." He has an uncle who owns a large industrial steel business in Oil City and employs many people, but he has not attempted to get a job at his uncle's plant because the uncle does not hire relatives.
The husband's itemized list indicates he has automobile expenses of $150 per month, but he claims the Corvette he owned has been repossessed. However he borrows his grandmother's car or his cousin's car.
At the trial the wife testified her husband told her he was working in Oil City and that he intended to be paid in cash so she could not get any money. The record also establishes that prior to the move to Florida the husband sold their trailer home in Louisiana.
Alimony pendente lite is the judicial enforcement of a husband's obligation to support his wife during the existence of the marriage. C.C. art. 148 provides that the *989 spouse who "has not a sufficient income for maintenance" may be awarded alimony proportionate to the needs of the claimant and the means of the other spouse. Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir.1979). See also Holliday v. Holliday, 358 So.2d 618 (La.1978); Murphy v. Murphy, 229 La. 849 87 So.2d 4 (1956).
The trial court is vested with wide discretion in setting such an award and will not be disturbed unless there is a clear abuse of discretion. Ryan v. Ryan, 401 So.2d 514 (La.App. 2d Cir.1981); Frederick v. Frederick, 379 So.2d 808 (La.App. 4th Cir.1980).
Appellant contends that since he is unemployed he is unable to support his family and consequently the trial court abused its discretion.
We note that credibility of the parties is of particular importance. Apparently the trial court concluded appellant had the ability to support his family to the extent of the $350 awarded. Accordingly under the wide discretion allowed the trial court, we find no manifest error in awarding the separation to the wife and support for herself in the sum of $200 per month and $150 per month for the support of the child.
For the reasons assigned the judgment appealed from is affirmed.
AFFIRMED.