474 So.2d 961 (1985)
Beverly Joy Hogan PECHENIK
v.
Harold PECHENIK.
No. 85-CA-63.
Court of Appeal of Louisiana, Fifth Circuit.
June 3, 1985.
*962 Reed & Reed, Bruce G. Reed, New Orleans, for plaintiff-appellee.
John McEnery Robertson, New Orleans, for defendant-appellant.
Before CHEHARDY, GAUDIN and GRISBAUM, JJ.
CHEHARDY, Judge.
On January 18, 1984, Beverly Joy Hogan filed a suit for separation from bed and board against her husband Harold Pechenik. In conjunction therewith Mrs. Pechenik filed a rule nisi for alimony pendente lite and occupancy of the family home. Following trial on the rule, judgment was rendered in favor of plaintiff awarding her occupancy of the rented home and alimony in the sum of $125 per week. Defendant has appealed from that portion of the judgment as to alimony pendente lite, and plaintiff has answered the appeal requesting a review of the judgment in all respects.
In this court appellant contends the trial court abused its discretion in granting plaintiff an award, because the evidence reflects he did not have the ability to pay.
LSA-C.C. art. 148 provides that where a spouse does not have sufficient income for maintenance pending a suit for separation from bed and board, or for divorce, the judge may allow the claimant a sum for support proportioned to the needs of the claimant and the means of the other spouse.
The word "means" refers to the husband's resources and not necessarily to his income. The means may consist of property of a physical character, referred to as assets, income from such property, or income from labor or services performed. The word "means" signifies any resources from which the wants of life may be supplied. The husband must support his wife *963 in necessitous circumstances. Bowsky v. Silverman, 184 La. 977, 168 So. 121 (1936).
In order to arrive at the correct amount the court must first ascertain not what the wife wants, but what she needs for her maintenance and support during the pendency of the suit. If the amount she needs is proportionate to the husband's means, that amount should be awarded. If her needs exceed the husband's ability to pay, the court must fix a sum which will as nearly as possible be just and fair to each. Reichert v. Lloveras, 188 La. 447, 177 So. 569 (1937); Liles v. Liles, 369 So.2d 479 (La.App. 4th Cir.1979); Gray v. Champagne, 367 So.2d 1309 (La.App. 4th Cir. 1979).
The fixing of the amount which the spouse should be required to pay is largely within the discretion of the trial judge, and his conclusions ordinarily will not be disturbed upon appeal unless there has been a clear abuse of discretion. Shepard v. Shepard, 334 So.2d 745 (La.App. 3d Cir. 1976).
The record reflects that the Pecheniks were married on June 17, 1977. Mr. Pechenik was employed at that time by Roy Wiegand as a real estate salesman. He is still employed by Wiegand. Throughout the marriage and up until the parties separated on November 26, 1983, Mr. Pechenik was paid $600 per week draw, against commissions. In 1983 he earned $33,800.
Defendant claims the draw was discontinued following the separation because it exceeded his commissions. He contends he owes Wiegand $35,000, and also the Internal Revenue Service has put a lien on his wages.
Testimony at the trial of the rule was given by plaintiff, defendant and Roy Wiegand. Pechenik produced a list of his monthly expenses indicating he requires $1,490 for his own maintenance. This list is not a part of our record, nor is there sufficient testimony for us to conclude what the expenses consist of and whether those expenses are reasonable.
Pechenik claims he has no source of income to meet his own expenses other than short-term loans from his daughter. She is lending him money until he can straighten out his IRS problem which he expects to be cleared up shortly.
Mr. Wiegand confirmed he stopped Pechenik's draw in November 1983 after the wife filed for a separation. He also stated although he received a notice of seizure from the IRS he has not paid them anything because Pechenik owes him money. However, Wiegand conceded he owes Pechenik at least $60,000, and apparently more, in earned commissions.
Mrs. Pechenik did not work during the marriage, but was able to secure a clerical job after the separation which nets her $800 per month. She lives in the family home (for which she pays the rent) with her daughter and six-year-old granddaughter. The daughter pays one-half of the rent, utilities and food.
Mrs. Pechenik prepared a list of expenses which were apparently made available to the trial court, but it does not form part of the record here. Nor is there any testimony as to the total amount she needs per month, or a list of any expenses making up that monthly total.
The trial court did have evidence that Mr. Pechenik had expenses of $1,490 per month, and an income of $33,800 in 1983. And, in spite of his debt to his employer and a seizure on his salary from the IRS, he clearly has substantial commissions which he has already earned but has not been paid.
However in the absence of sufficient information in the record as to Mrs. Pechenik's needs, we are unable to make a determination as to the correctness of the award.
Since the trial court had such information (in the form of a list of expenses prepared by plaintiff), we will remand the matter to take further evidence to complete the record on the issue of plaintiff's needs.
*964 For the reasons assigned the judgment appealed from is affirmed insofar as it awards plaintiff the exclusive use of the family home, and the matter is remanded to the trial court for further evidence on the needs of the wife in accordance with the views expressed herein. Alimony payments, however, are to continue until final disposition or amendment by the district court.
AFFIRMED IN PART; REMANDED.