503 So.2d 144 (1987)
Harry R. CABRAL, Jr.
v.
Barbara Ann Ward, Wife of Harry CABRAL, Jr.
Nos. 86 CA 535, 86 CA 536.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 1987.
Rehearing Denied March 17, 1987.
Writ Denied May 8, 1987.
*145 Robert G. Creely, Amato & Creely, Gretna, for plaintiff-appellee.
Floyd J. Reed, J.D., Reed & Reed, New Orleans, for defendant-appellant.
Before KLIEBERT, GRISBAUM and WICKER, JJ.
KLIEBERT, Judge.
These consolidated appeals are of a continuing series arising from domestic litigation between the parties. The wife appeals from successive judgments which respectively (1) awarded her alimony pendente lite in the amount of $1,500.00 per month, retroactive to January 1, 1986, and (2) decreed a divorce a vinculo matrimonii between the parties and ordered that the alimony pendente lite award continue until such time as a prior appeal from a judgment of separation is resolved by this court.[1]
On appeal the wife requests an increase in alimony pendente lite to $4,000.00 per month retroactive to April 19, 1984, reversal of the judgment of divorce as premature, and assessment of all costs against the husband. The husband has neither appealed nor answered the wife's appeals. For the reasons which follow, we increase the alimony award to $2,500.00 per month, retroactive to January 1, 1986, and order that the award be continued until final disposition of the divorce litigation. In all other respects the judgments of the trial court are affirmed.
Barbara Ward Cabral and Harry R. Cabral were married on February 18, 1971 and established a matrimonial domicile in Jefferson Parish. On April 19, 1984 the wife moved to Orleans Parish. She immediately filed a petition for separation in Orleans Parish and requested alimony pendente lite. The husband filed a petition for separation in Jefferson Parish on April 24, 1984 and was assigned docket number 294-714. His exception to venue in the Orleans Parish suit was sustained on June 20, 1984 without further disposition of the case.
On August 17, 1984 the husband filed a pleading styled "motion and order" which, inter alia, requested that he be condemned *146 to pay alimony pendente lite. The trial court signed the order ex parte on August 20, 1984 and, on September 14, 1984, on the husband's motion, modified the award to $1,500.00 per month, less a $500.00 per month deduction for property taken by the wife from the marital home. In an opinion dated June 3, 1985, and not designated for publication, this court, inter alia, vacated the award on the grounds that the rule was not instituted by the claimant spouse and the claimant spouse did not appear, participate, or offer any evidence in the actions.[2]
On June 5, 1985 the wife secured an ex parte order from Judge Henry J. Roberts of Civil District Court transferring her suit to Jefferson Parish, where it was assigned docket No. 312-081. On the same date she filed a rule for alimony pendente lite in the husband's suit, requesting that the award be retroactive to the date she filed suit in Orleans Parish. Although the district court refused to consolidate the suits, on a writ application this court ordered that the suits be consolidated and handled by one division of the trial court.[3] On April 28, 1986 a judgment was rendered in case No. 294-714 C/W No. 312-081 awarding the wife alimony pendente lite in the amount of $1,500.00 per month retroactive to January 1, 1986. The wife appealed. While the appeal was pending the trial court rendered a judgment of divorce in favor of the husband. The divorce decree was based on the parties' having lived separate and apart continuously for a period of one year. The wife also appealed this judgment. The cases have been consolidated for the appeal.

THE ALIMONY AWARD
Alimony pendente lite is authorized by La.C.C. art. 148, which provides that a spouse who "has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce" shall receive a sum for support proportioned to the other spouse's means. Alimony pendente lite arises from one spouse's obligation to support the other during the marriage and is not dependent on the merits of the suit for separation or divorce or upon the actual or prospective outcome of the suit and, therefore, the support does not terminate until a definitive judgment of divorce. Cassidy v. Cassidy, 477 So.2d 84 (La.1985).
In setting the amount of alimony pendente lite in a case like this one, the court must first ascertain not what the wife wants, but what she needs for her maintenance and support during the pendency of the suit, and if the amount she needs is proportionate to the husband's means, that amount should be awarded; whereas, if her needs exceed the husband's ability to pay, the court must fix a sum which will as nearly as possible be just and fair to each. Pechenik v. Pechenik, 474 So.2d 961 (5th Cir.1985). "Means" as referenced in the statute refers to any resources from which the wants of life may be supplied, including income from labor or services performed, physical property, income for such property, etc.... Pechenik, supra.
The litigants were married in 1971 and it is undisputed that prior to their separation in April of 1984 the husband maintained the wife in a very high style. Their principal residence was a 5000 square foot home in Metairie, and they maintained vacation homes first in the Bahamas and then in Destin, Florida, commuting between the locations in a private plane in which the husband owned a half interest. A houseman was employed to assist at the principal residence. During the course of the marriage the wife received furs, over $106,000.00 in jewelry, a Lincoln Town Car and other luxury items. The couple traveled extensively to Europe and the Bahamas.
The wife was 55 years old at the time of the hearing on the rule for alimony. She had no secretarial or bookkeeping skills and had not been employed in over thirty years. In the past she had been a hostess for an airline. When she left the matrimonial domicile in April of 1984, the wife took *147 $4,600.00 from community savings accounts and most of the community moveables, including a car. In brief on appeal the husband contends the wife took approximately $32,000.00 in cash, savings and certificates of deposit. However, there was no evidence introduced at trial as to the validity of this claim. According to the wife, the car was subsequently stolen and the moveables destroyed in a fire. At the time of trial she was trying to collect the insurance proceeds for the loss.
The husband contributed $4,875.00 to the wife's support under the ex parte judgment originally obtained by the husband and subsequently invalidated by this court. (See unpublished opinion under Docket No. 86-CA-94). According to the wife, she has borrowed $14,500.00 from friends and relatives and at the time of trial was living with friends as she was unable to afford housing. Her checking account had a balance of $750.00. Although she conveyed her half interest in her father's home for $50,000.00 in 1979, her father received all of the proceeds. From the record, it appears a separation of community property, which includes the matrimonial domicile and vacation home, has yet to take place between the litigants.
The evidence amply supports the conclusion that the wife, at the present time, has no earning capacity and is unable to maintain herself in a style comparable to that which she enjoyed during the marriage. The wife submitted a list of projected monthly expenses totalling $4,881.66. Although the projected expenses seem exorbitant, they are not out of reason when matched against her former lifestyle. Thus, the amount of the alimony pendente lite award turns on the husband's means.
The record shows the husband's adjusted gross income for federal income taxes from his law practice was $84,275.00 for the year 1982 and $70,784.00 for the year 1984. Additionally, the record shows the husband had real estate which was producing rents, but those rents were needed to pay mortgages due on the rent-producing property and on the family home.
In 1985, however, the husband underwent surgery for a malignant tumor in his kidney and was in critical condition for an extended period. The wound refused to heal and had yet to heal as of the date of trial. He underwent radiation therapy from October through December of 1985. As a result the husband was unable to practice law from July through December of 1985 and he worked only sporadically since that time because he suffers from nausea, vomiting, weakness and debilitation. Both the husband and his son, who is an associate in the law firm, testified that the illness has had a devastating effect on the law practice "because of the community knowledge that he (the father) had been ill." The son reportedly suffered a 38% decrease in income in 1985.
Using average monthly deposits and gross cash flow through the husband's account, counsel for the wife argues the husband's means has not been diminished by his illness and his means is sufficient for him to contribute $4,000.00 per month to the wife's needs. We do not agree. The fallacy of the argument stems from its failure to take into consideration the needed expenditures (secretary and office expenses, etc.) to produce the gross fees in the law practice and the debt service needed to maintain the flow of rents which make up the cash flow.
The husband contends his income is so limited he has had to incur additional debt to reach the amount needed to service the debts on the family home and the rental property. He says he has been attempting to sell the family residence but has been unable to do so because of prevailing market conditions. Thus, he contends his ability to pay is nil. We agree the payments he is required to make on outstanding obligations are to be considered in determining the amount of alimony pendente lite he is capable of paying. Kaplan v. Kaplan, 453 So.2d 1218 (2nd Cir.1984); Stansbury v. Stansbury, 258 So.2d 170 (1st Cir.1972). Nevertheless, based on the evidence of his means before us, we conclude the award of $1,500.00 is unduly low. Accordingly, we amend the judgment and increase the award to $2,500.00 per month.
*148 In making the original award the trial court found the husband's total inability to work from June through December of 1985 a compelling reason to award alimony payments only from January 1, 1986 rather than from the date of judicial demand. While the general rule is that alimony pendente lite is due and payable from date of judicial demand, upon presentation of compelling reasons the trial court may in its discretion specify a late commencement date. See LSA-R.S. 9:310; Quinn v. Quinn, 412 So.2d 649 (2nd Cir.1982), writ denied 415 So.2d 941 and 415 So.2d 945; Richard v. Richard, 359 So.2d 696 (1st Cir.1978).
In addition to the husband's illness, we note the wife's initial refusal to seek an alimony award or attend hearings set by the husband where alimony could be set and that her first request for an alimony award was made in June 1985. Thereafter, we note an extensive effort to extend the period where alimony pendente lite payments would be applicable by "keeping the litigation ball bouncing." Hence, in our view these are compelling reasons not to make the alimony pendente lite award retroactive beyond the January 1, 1986 date set by the trial court.

THE JUDGMENT OF DIVORCE
The husband was granted a divorce a vinculo matrimonii on the grounds of living separate and apart for one year. See LSA-R.S. 9:301. The wife contends the judgment of divorce is invalid as it was rendered while the appeal from the judgment of separation was pending. The issue presented is whether the trial court must wait until a separation suit is appealed and becomes final before a divorce may be granted under LSA-R.S. 9:301.
In Morgan v. Morgan, 424 So.2d 541 (5th Cir.1982) at 542, a panel of this court stated:
"La.R.S. 9:302 states that if an appeal is taken from a judgment of separation, a suit for divorce may not be commenced until the day after the judgment becomes definitive. La.R.S. 9:302 is grounded on non-reconciliation for one year from the judgment of separation. However, a divorce based on § 301, as in the instant case, does not depend on a separation judgment. There is, therefore, no corresponding requirement to delay the suit pending an appeal of a separation judgment."
Likewise, the present divorce was based on a LSA-R.S. 9:301 ground i.e., living separate and apart for one year without reconciliation. Hence, we cannot say the granting of the divorce judgment was premature.
The trial court incorporated in the divorce judgment the provision that "the alimony pendente lite award previously rendered by the Court on April 2, 1986, continue until such time as the appeal regarding the finding of mutual fault presently pending before the Fifth Circuit Court of Appeal has been resolved." The husband contends this constituted an award of permanent alimony. We do not agree and consider the argument specious in light of the clear intent of the trial court to withhold adjudication on the issue of permanent alimony until such time as the issue of fault for the separation is final. Alimony pendente lite continues until a definitive resolution is reached on the divorce litigation. Cassidy v. Cassidy, supra; Daigle v. Breaux, 477 So.2d 798 (5th Cir.1985). The trial judge did not rule on the issues involved in assessing permanent alimony, nor do we.
For the reasons stated herein, the judgment of the trial court granting a divorce is affirmed and the judgment of the trial court assessing alimony pendente lite is amended to increase the award to $2,500.00 per month retroactive to January 1, 1986 and to provide for its continuation until such time as the judgment of divorce becomes final and, as thus amended, is affirmed. Each party is to bear his own cost of the appeal.
AMENDED AND, AS AMENDED, AFFIRMED.
NOTES
[1] In an opinion rendered on December 8, 1986, we reversed a finding of mutual fault and resolved the issue of fault in favor of the wife. See 86-CA-417, Not Designated for Publication.
[2] See unpublished opinion under docket No. 85-CA-94.
[3] See writ application No. 85-C-662.