540 So.2d 1300 (1989)
Linda VASSALLO
v.
Joseph A. VASSALLO, Sr.
No. 88-CA-800.
Court of Appeal of Louisiana, Fifth Circuit.
March 15, 1989.
*1301 Bernard J. Rice, III, Gretna, for plaintiff-appellee.
David S. Fos, Ansardi, Maxwell & Power, Kenner, for defendant-appellant.
Before KLIEBERT, BOWES and WICKER, JJ.
KLIEBERT, Judge.
In this domestic litigation, the husband appeals an alimony pendente lite award of $440.00 per month in favor of the wife. The husband contends social security and veterans disability benefits should not have been considered in computing his income, and the alimony award is excessive in light of his outstanding medical bills. We disagree with both contentions and accordingly affirm the trial court judgment.
Linda and Joseph Vassallo had been married for one year when Linda, proceeding in forma pauperis, filed a petition for separation from bed and board and a request for alimony pendente lite. Evidence presented at the hearing on the alimony rule showed Joseph's only sources of income as social security and veterans disability benefits of $456.00 and $1,554.00 per month (there is some question about this being reduced to $1,411.00 due to the separation) respectively. Linda's only sources of income are $234.78 per month from a part-time job and $88.00 per month in food stamp supplements. The supplement is in danger of reduction due to her recent employment. The only substantial capital assets apparent from the record are a house and automobile owned by Joseph.
Linda's monthly expenses for rent, utilities, food, medical care, insurance, and personal necessities are a modest $687.00. Joseph listed monthly expenses of $1,630.91, including $292.00 in medical expenses and a car note of $327.00. It was established that most of Joseph's medical expenses would be paid by the Veterans Administration if he went to a V.A. Hospital rather than the private institutions he currently utilizes.
*1302 The hearing officer concluded Joseph was enjoying the same standard of living to which he was accustomed during the marriage, whereas Linda's standard of living was diminished. Therefore the officer awarded Linda a sufficient amount of alimony, $440.00, which, when coupled with her monthly earnings, met her monthly expenses of $687.00.
Joseph contends his social security benefits should not have been considered as income because 42 U.S.C.A. § 407 exempts such benefits from execution, levy, attachment, garnishment, and other legal process. He cites Washington v. Washington, 418 So.2d 748 (4th Cir.1982) and Terjersen v. Terjersen, 420 So.2d 704 (4th Cir.1982) as support of this contention.
We note, however, that Section 459 of the Social Security Act, as amended in 1975 and 1977, provides:
Notwithstanding any other provision of law (including section 407 of this title) effective January 1, 1975, moneys (the entitlement to which is based upon remuneration for employment) due from, or payable by, the United States or the District of Columbia (including any agency, subdivision, or instrumentality thereof) to any individual, including members of the armed services, shall be subject, in like manner and to the same extent as if the United States or the District of Columbia were a private person, to legal process brought for the enforcement, against such individual of his legal obligations to provide child support or make alimony payments.
Section 659 apparently was not called to the attention of the Washington and Terjersen courts, for they did not address the applicability vel non of the section. Courts which have addressed the issue uniformly held that Section 659 removes the Section 407 exemption insofar as a claim is for alimony or child support. See Meadows v. Meadows, 619 P.2d 598 (Okl.1980); Parker v. Parker, 335 Pa.Super. 348, 484 A.2d 168 (1984); Stubbe v. Stubbe, 733 S.W.2d 132 (Tex.1987). Thus, the trial court properly considered the social security payments.
Joseph cites 38 U.S.C.A. § 3101(a) in support of his contention that veterans benefits should not be considered when making an alimony award. The section provides in pertinent part:
(a) Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary.
In Collins v. Collins, 458 So.2d 1008 (3rd Cir.1984) the court held that an award of alimony pendente lite is the legal enforcement of a marital duty rather than a process for the collection of a debt, and therefore a spouse must use his veterans benefits (if no other income is available) to support the other spouse. The United States Supreme Court adopted a similar analysis in Rose v. Rose, 481 U.S. 619, 107 S.Ct. 2029, 95 L.Ed.2d 599 (1987).
Though the legislative history for this provision is also sparse, it recognizes two purposes: to "avoid the possibility of the Veterans' Administration ... being placed in the position of a collection agency" and to "prevent the deprivation and depletion of the means of subsistence of veterans dependent upon these benefits as the main source of their income." S.Rep. No. 94-1243, pp. 147-148 (1976), U.S.Code Cong. & Admin.News 1976, pp. 5241, 5369, 5370. Neither purpose is constrained by allowing the state court in the present case to hold appellant in contempt for failing to pay child support.

* * * * * *
Veterans' disability benefits compensate for impaired earning capacity, H.R. Rep. No. 96-1155, p. 4 (1980), U.S.Code Cong. & Admin.News 1980, p. 3307, and are intended to "provide reasonable and adequate compensation for disabled veterans and their families." S.Rep. No. *1303 98-604, p. 24 (1984) (emphasis added), U.S.Code Cong. & Admin.News 1984, pp. 4479, 4488. Additional compensation for dependents of disabled veterans is available under 38 U.S.C. § 315, and in this case totaled $90 per month for appellant's two children. But the paucity of the benefits available under § 315 belies any contention that Congress intended these amounts alone to provide for the support of the children of disabled veterans. Moreover, as evidenced by § 3107(a)(2), the provision for apportionment we have already discussed, Congress clearly intended veterans' disability benefits to be used, in part, for the support of veterans' dependents.5 On this basis we may distinguish several of the Court's prior decisions which held that state law governing domestic relations was pre-empted by federal statutes containing prohibitions similar to § 3101(a) against attachment, levy, or seizure of federal benefits.
* * * * * *
Admittedly, in Ridgway [v. Ridgway, 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981) ] we rejected a proposed construction of § 770(g) that would have barred its application to the children's equitable claim, 454 U.S., at 60-61, 102 S.Ct., at 57-58; and we were unable to agree that the distinction between family support obligations and community property divisions would sustain an exception to the statute's operation. Id., at 61-62, n. 11, 102 S.Ct., at 58-59, n. 11; see also id., at 68, 70, 102 S.Ct., at 61, 62 (POWELL, J., dissenting). But the critical difference between Ridgway and the present case is that Congress has not made appellant the exclusive beneficiary of the disability benefits. As we have demonstrated, these benefits are intended to support not only the veteran, but the veteran's family as well. Recognizing an exception to the application of § 3101(a)'s prohibition against attachment, levy, or seizure in this context would further, not undermine, the federal purpose in providing these benefits. Therefore, regardless of the merit of the distinction between the moral imperative of family support obligations and the business-like justifications for community property division, we conclude that § 3101(a) does not extend to protect a veteran's disability benefits from seizure where the veteran invokes that provision to avoid an otherwise valid order of child support.
The Rose court drew no distinction between child support and alimony, but rather referred to them jointly as "family support obligations." The Rose decision conclusively establishes that veterans benefits are not protected from a claim for and may be considered in setting alimony and child support.
Alimony pendente lite is authorized by La.Civil Code Article 148. This article provides that a spouse who "has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce" shall receive a sum for support proportioned to the other spouse's means. Alimony pendente lite arises from one spouse's obligation to support the other during the marriage and is not dependent on the merits of the suit for separation or divorce or upon the actual or prospective outcome of the suit. Cassidy v. Cassidy, 477 So.2d 84 (La.1985).
In setting the amount of alimony pendente lite the court must ascertain not what the wife wants, but what she needs for her maintenance and support during the pendency of the suit, and if the amount she needs is proportionate to the husband's means, that amount should be awarded; whereas, if her needs exceed the husband's ability to pay, the court must fix a sum which will as nearly as possible be just and fair to each. Pechenik v. Pechenik, 474 So.2d 961 (5th Cir.1985). "Means" as referenced in the statute refers to any resources from which the wants of life may be supplied, including income from labor or services performed, physical property, income for such property, etc ... Pechenik, supra; Cabral v. Cabral, 503 So.2d 144 (5th Cir.1987) writ denied 505 So.2d 1148-49 (La.1987).
The amount to be awarded as alimony pendente lite is largely within the discretion *1304 of the trial judge, and, when exercised fairly, will not ordinarily be interfered with on appeal. Hulett v. Gilbert, 189 La. 877, 181 So. 431 (1938); Lamb v. Lamb, 427 So.2d 899 (3rd Cir.1983); Whipple v. Whipple, 424 So.2d 263 (1st Cir.1982) writ denied 426 So.2d 179 (La.1983).
The husband's counsel contends the trial court refused to consider Joseph's outstanding medical bills when ascertaining his "means." What the court actually said was: "By his (Joseph's) own admission, his expenses are $1,630.91, which does not include some of the hospital bills." The court was only acknowledging that the outstanding hospital bills which Joseph introduced were not reflected on the financial expense statement he prepared. Indeed, Joseph's statement does not list income, assets, or liabilities, and it is not signed. The Domestic Relations Section Rules of the Twenty-fourth Judicial District, Rule VIII, require that the financial statement be completed and forwarded to the opposing party at least 72 hours prior to the date set for hearing. Any confusion as to Joseph's outstanding debts is the result of his failure to timely and properly complete the financial statement. Nothing in the record suggests that the court refused to consider Joseph's financial obligations when setting the alimony award.
The trial court concluded Linda's expenses were reasonable and rendered an award which would allow her to meet those expenses. An award of $440.00 per month is not excessive in light of Joseph's income of almost $1,900.00 per month. Joseph cannot place his obligations to his creditors before his obligation to support his wife. On the record before us the award is well within the trial court's discretion.
Accordingly, the judgment of the trial court is affirmed in all respects.
AFFIRMED.