552 So.2d 1271 (1989)
Alba VELEZ
v.
Gilberto VELEZ.
No. 89-CA-350.
Court of Appeal of Louisiana, Fifth Circuit.
November 15, 1989.
Thomas A. Kehoe, Sr., Harahan, for plaintiff/appellee.
Mark A. Marino, Destrehan, for defendant/appellant.
Before CHEHARDY, BOWES and GOTHARD, JJ.
GOTHARD, Judge.
Defendant, Gilberto Velez, appeals a judgment of the trial court ordering him to *1272 pay alimony and child support to his wife, Alba L. Velez. We reverse in part and affirm in part.
In the petition for separation/divorce filed by the wife it was asserted that of the three children born of the marriage, one is a minor. The wife sought various injunctions, child custody of and support for the minor child, Diana, and support for a major son, Louis, who is a student at LSU.
The matters of child support and alimony were set on a rule to show cause and heard on January 9, 1989. As a result of that hearing, the trial court rendered a judgment ordering defendant to pay alimony pendente lite to the plaintiff in the amount of $1250.00 per month to accrue against defendant's share in the community of acquets and gain, and child support for Diana in the amount of $500.00 per month with credit given in the amount of SSI payments to Diana. The trial court also ordered that:
"plaintiff be allowed to encumber the family home located at 2369 Ormond Boulevard, Destrehan, Louisiana, up to the sum of $1000.00 to obtain funds to assist the child of the marriage, Louis, a person of the age of majority, to complete his course of studies at Louisiana State University, Baton Rouge, Louisiana."
Defendant appeals, arguing the trial court abused its discretion in awarding excessive amounts of alimony pendente lite and child support, and in awarding educational costs to a major child.
FACTS
The record shows that the parties were married on May 11, 1963 in Honduras, Central America, and subsequently lived together as husband and wife in Destrehan until their physical separation in February, 1988. Three children, Gilberto, Jr., Louis, and Diana were born of the marriage. As previously stated only Diana was a minor at the time the petition was filed.
In 1981 the husband received in excess of $238,000.00 in settlement as a result of a back injury. The parties used about $170,000.00 to purchase and furnish their home in Destrehan; and until the separation enjoyed a comfortable lifestyle.
The parties also own a home on Taylor Street in Metairie which has a $14,000.00 balance on the mortgage, payable in monthly installments of $210. That home was rented out for $525.00 a month, although it is uncertain from the record whether at the time of trial the property was occupied by a paying tenant.
The family had the additional financial security of a $33,800 savings account at Pelican Homestead until February 17, 1988 when the husband withdrew the entire amount. The wife asserts that her husband took the funds out of the country. The husband admits he withdrew the money and flew to Honduras shortly afterward but testified he left the cash in a mattress in the family home. When asked, the wife assured the court she checked, and there was no currency in the mattress. Mrs. Velez testified that she earns $450 per month at her job at Schwegmann's and receives financial help from her son, brother and mother to meet her monthly obligations. An affidavit filed by Mrs. Velez estimated that expenses for herself amounted to $1628.52 per month. Expenses for her daughter amounted to $625.00 per month.
Mr. Velez listed his expenses at $596.00 per month and his income, derived totally from Social Security payments, at $741.00 per month. Mr. Velez admits flying back and forth to Honduras on several occasions in the eleven months between the physical separation and the hearing. When questioned about how he could afford this extensive travel on his income, Mr. Velez answered evasively that it was cheaper to live in Honduras. Mrs. Velez testified that her husband owns a home in Honduras but that fact was specifically denied by Mr. Velez.
SUPPORT OF A MAJOR CHILD
Evidence at the hearing revealed that Louis Velez, who was twenty-two years of *1273 age at the time of the hearing, was in his final year at LSU, Baton Rouge. He testified that even with a student loan and a campus job he was in need of $1000.00 to complete his education.[1]
Our law is clear that a father is not obligated to provide financial support for the education of a twenty-two year old son who is capable of employment. See C.C. arts. 230; Dubroc v. Dubroc, 284 So.2d 869 (La.App. 4th Cir.1973); Green v. Green, 432 So.2d 959 (La.App. 4th Cir. 1983). As we have previously noted, a father's generosity to his adult children is a gratuity, not a responsibility. Jordan v. Jordan, 432 So.2d 314 (La.App. 5th Cir. 1983), writ den. 438 So.2d 1111 (La.1983).
We note that, while the judgment does not directly order the defendant to pay for his major son's education, it does allow one spouse to encumber community property for that purpose. This is beyond the power granted to the court by LSA-R.S. 9:308 which merely allows the court to grant occupancy of the family home while separation or divorce proceedings are pending. Thus we find the trial court abused its discretion in allowing the mother to encumber the family home in the amount of $1000.00 to pay for Louis' education and reverse that portion of the judgment.
ALIMONY AND CHILD SUPPORT
We turn now to the issue of whether the awards of alimony pendente lite and child support to the minor child were excessive under the circumstances of this case. The husband contends both that he has insufficient means to pay $1250.00 per month alimony and that the wife has failed to prove her need for such an amount.
An award of alimony pendente lite is governed by LSA C.C. art. 148.[2] The purpose of alimony pendente lite is to temporarily provide for the spouse who does not have sufficient income for her maintenance and to preserve the status quo insofar as the maintenance and support are concerned. Mouton v. Mouton, 514 So.2d 528 (La.App. 3rd Cir.1987).
In making an award of alimony pendente lite the court must ascertain what a spouse seeking alimony needs for maintenance and support during the pendency of the suit. If that amount is proportionate to the means of the other spouse the amount should be awarded; if not, the court should fix an amount in proportion to the need and the means in such a way as to be fair and just to each party. Pechenik v. Pechenik, 474 So.2d 961 (La.App. 5th Cir.1985); Cabral v. Cabral, 503 So.2d 144 (La.App. 5th Cir.1987), writ denied 505 So.2d 1148 (La. 1987). The trial court is vested with wide discretion in setting such an award and will not be reversed on appeal absent a manifest abuse of that discretion. O'Pry v. O'Pry, 425 So.2d 986 (La.App. 5th Cir. 1983).
As with alimony pendente lite awards, the trial court has wide discretion in setting child support awards. Dominick v. Dominick, 470 So.2d 314 (La.App. 5th Cir.1985); writ denied 474 So.2d 948 (La. 1985). As previously stated the trial court set the child support award at $500.00 per month but gave defendant credit for SSI payments received by the child. Testimony at trial shows that Diana receives $386.00 per month from SSI, making defendant's actual monitary contribution $114.00 per month.
We believe the credibility of the parties was of particular importance in this case. Apparently the trial judge found that, although the defendant's income was limited *1274 to $741.00 per month, he had sufficient means from other assets to afford the amounts awarded for support payments to the wife and minor child. Under these circumstances we find no manifest abuse in discretion in those awards.
However, we know of no authority by which a judgment of monthly alimony can be allowed to accrue against defendant's share in the community of acquets and gains. In effect the judgment would only grant the wife $114 per month in child support and nothing in alimony pendente lite until the community is settled. LSA-C.C. art. 148 contemplates a maintenance support payment and does not suggest that some debt is being created against the community. Gondrella v. Gondrella, 347 So.2d 938 (La.App. 4th Cir.1977); Phillips v. Wagner, 470 So.2d 262 (La.App. 5th Cir. 1985).
Consequently, we affirm the judgment of the trial court insofar as it awards plaintiff $1250.00 per month alimony pendente lite and child support in the amount of $500.00 with credit for SSI payments received by the child. We reverse that portion of the judgment which allows plaintiff to encumber the family residence up to $1000.00 to provide for educational costs of Louis. We set aside that portion of the judgment which orders the accrual of monthly alimony against defendant's acquets and gains.
AFFIRMED IN PART, REVERSED IN PART, AND SET ASIDE IN PART.
NOTES
[1] Defendant asserted at trial that a mother does not have capacity to sue for support of a major child in necessitous circumstances. The trial judge acknowledged the incapacity and ordered plaintiff to amend the petition. However, there is no indication in the record that plaintiff complied with that order.
[2] If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.