BOWES, Judge.
Plaintiff, Larry W. Schoenfeld, has appealed several judgments rendered in favor of defendant, Cheryl Hope Schoenfeld. We affirm the judgment granting Mrs. Schoen-feld alimony pendente lite and denying Mr. Schoenfeld’s motion for rehearing; however, we annul and set aside the judgment finding Mr. Schoenfeld to be in contempt of court.
The parties were married on November 7, 1987. On August 9, 1988, plaintiff, Larry W. Schoenfeld filed a petition for separation.
On September 22, 1988, defendant filed a rule for alimony pendente lite. The rule was heard on May 13, 1989, at which time the trial court ruled that plaintiff was to pay alimony pendente lite of $600.00 per month. Final judgment was signed by the trial court on June 12, 1989.
Prior to the signing of the judgment, on May 26, 1989, appellant filed a “Motion for Rehearing.” While this motion was pending, on July 31, 1989, appellee filed a rule for contempt for plaintiff’s failure to pay *553 alimony pendente lite. Both the motion and the rule were heard on November 20, 1989.
During the hearing, appellant sought to introduce additional evidence concerning his income. The trial court did not allow the introduction, however, it did allow plaintiff to proffer the evidence.
After the hearing, the trial court signed a judgment finding plaintiff to be in contempt of court, and ordering plaintiff to pay $9,000.00 in past due alimony or serve 60 days in Parish Prison. Plaintiff filed an application for supervisory writs (Schoen-feld v. Schoenfeld, 89-C-823) and this court stayed the jail sentence, pending the outcome of this appeal.
On November 27, 1989, the trial court denied plaintiffs motion for rehearing.
On appeal, plaintiff alleges numerous assignments of error, which address four issues:
1) Did the trial court err in awarding alimony pendente lite of $600.00 a month?,
2) Did the trial court err in denying plaintiffs motion for rehearing?
3) Did the trial court err in holding plaintiff in contempt of court?
4) Did the trial court err in denying a preliminary motion for default?
ALIMONY PENDENTE LITE
Appellant alleges that the trial court erred in awarding alimony pendente lite of $600.00. Mrs. Schoenfeld established that she earns a “take-home” wage of $988.00 a month. Her testimony indicated that her expenses, for the basic necessities, were approximately $1,030.00 a month. Accordingly, appellant argues that he should be required to pay only $42.00 a month for alimony pendente lite.
LSA-C.C. art. 148 provides:
If the spouse has not a sufficient income for maintenance pending suit for separation from bed and board or for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse’s support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Mr. Schoenfeld claims that, with an award of $42.00 a month, his wife will have “sufficient income for maintenance” and will be able to meet her basic expenses. However, alimony pendente lite is not a vehicle to provide a spouse with just the basic necessities:
Because alimony pendente lite is ordinarily determined shortly after separation, it is designed to preserve and continue the status quo insofar as maintenance and support are concerned. The claimant spouse’s needs have been defined as the amount necessary to maintain the previous standard of living, [citations omitted]
Braswell v. Braswell, 494 So.2d 1333 (La.App. 2 Cir.1986)
See also Velez v. Velez, 552 So.2d 1271 (La.App. 5 Cir. 1989); Fairchild v. Fairchild, 537 So.2d 1260 (La.App. 4 Cir.1989).
The trial court, after considering the evidence presented by both parties, concluded that Mrs. Schoenfeld needed approximately $1,600.00 to maintain the standard of living which she and her husband enjoyed during the marriage.
Appellant also argues that he does not have sufficient “means” to pay the award of $600.00 a month. At the hearing, which was held in May of 1989, he testified that he earned $53,000.00 in 1988. He testified that his income had been reduced and that he had earned $16,000 to $18,000 for the five months of the current year, thereby giving him an income in excess of $3,000 a month.
We have often recognized that the trial court is given wide discretion in awarding alimony pendente lite and should not be reversed on appeal absent manifest abuse of that discretion. Velez v. Velez, supra; Pechenik v. Pechenik, 474 So.2d 961 (La. App. 5 Cir.1985); O’Pry v. O'Pry, 425 So.2d 986 (La.App. 5 Cir.1983).
We find no such abuse of discretion in this case.