PONDER, Judge.
Plaintiff appealed from a judgment of the trial court dismissing her suit to enforce a community property settlement, or, in the alternative, to have it annulled.
The issues are: the validity of an agreement contracted prior to divorce making child support partial consideration for the partition of the community and the validity of the settlement absent the clause.
We affirm.
Following a separation, plaintiff was awarded $250.00 per month as alimony pen-dente lite and child support. Thereafter, but prior to divorce, plaintiff and defendant entered into a community property settlement. Part of the consideration was the transfer of each party’s interest in some property to the other. Defendant gave to plaintiff a $5,000.00 promissory note payable at $50.00 per month. As additional consideration, defendant agreed to pay child support of $250.00 per month and to pay plaintiff an additional $5,000.00 in the event the family home was sold. Defendant paid only $125.00 per month on his child support obligation and failed to pay the promissory note. After plaintiff filed suit to enforce the settlement or in the alternative to have it nullified, defendant paid plaintiff $900.00 bringing the $50.00 per month obligation up to date. The trial court invalidated the child support clause of the agreement, but maintained the remainder of the settlement as based upon other substantial consideration. Upon finding defendant current on his promissory note obligation, he dismissed plaintiff’s suit.
Plaintiff claims the court erred in invalidating the child support clause. The law at the time of the agreement, May 24, 1977, prohibited a husband and wife contracting with each other except in limited situations. LSA-C.C. Arts. 1790 and 2446.[1] *378 Since the exceptions do not include a contract for a fixed amount of child support, we agree with the court that that portion of the community property agreement is a nullity which can be given no effect. Ward v. Ward, 339 So.2d 839 (La.1976).[2]
Plaintiff next contends that if the clause is held invalid, the entire community property settlement should fall.
An illegal condition within a contract annuls the entire agreement only “to the extent to which the agreement depends on it.” LSA-C.C. Art. 1893,[3] Plainol, Volume 2, Section 1269, p. 720; Morse v. J. Ray McDermott and Co., Inc., 344 So.2d 1353 (La.1977). Plaintiff offered no evidence to prove the community property settlement was primarily dependent upon the child support clause. The settlement itself states other consideration for the agreement. We find no error in the court’s determination.
For the above reasons, the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.

. These articles read as follows at that time:
LSA-C.C. Art. 1790:
“Besides the general incapacity which persons of certain descriptions are under, there are others applicable only to certain contracts, either in relation to the parties, such as a husband and wife, tutor and ward, whose contracts with each other are forbidden; or in relation to the subject of the contract, such as purchases, by the administrator, of any part of the estate which is committed to his charge, and the incapacity of the wife, even with the assent of the husband, to alienate her dotal property, or to become security for his debts. These take place only in the cases specially provided by law, under different titles of this Code.”
LSA-C.C. Art. 2446:
“A contract of sale, between husband and wife, can take place only in the three following cases:
1. When one of the spouses makes a transfer of property to the other, who is judicially separated from him or her, in payment of his or her rights.
2. When the transfer made by the husband to his wife, even though not separated, has a legitimate cause, as the replacing of her dotal or other effects alienated.
3. When the wife makes a transfer of property to her husband, in payment of a sum promised to him as a dowry.
Saving, in these three cases, to the heirs of the contracting parties, their rights, if there exist any indirect advantage.”

. This finding does not affect plaintiff’s right to petition for an increase in her previous award for child support.

. LSA-C.C. Art. 1893:
“An obligation without a cause, or with a false or unlawful cause, can have no effect.”
LSA-C.C. Art. 2031:
Every condition of a thing impossible, or contra bonos mores (repugnant to moral conduct) or prohibited by law, is null, and renders void the agreement which depends on it.”