458 So.2d 1008 (1984)
Newton L. COLLINS, Plaintiff-Appellee,
v.
Pearley L. COLLINS, Defendant-Appellant.
No. 83-1019.
Court of Appeal of Louisiana, Third Circuit.
November 7, 1984.
*1009 Rivers & Beck, Robert L. Beck, Jr., Alexandria, for defendant-appellant.
Robert L. Kennedy, Colfax, for plaintiff-appellee.
Before FORET, DOUCET and KNOLL, JJ.
DOUCET, Judge.
This is an appeal from an amended judgment of separation denying alimony pendente lite and finding mutual fault.
On January 19, 1983, after more than thirty years of marriage, Newton Collins filed a Petition for Separation based on cruel treatment. Pearley Collins answered and filed a Reconventional Demand alleging cruel treatment and abandonment, and seeking alimony pendente lite.
After a hearing Pearley Collins was granted alimony pendente lite in the amount of $400.00 per month. On motion of Newton Collins, this award was terminated on July 28, 1983. The trial judge in his reasons for judgment stated that Mr. Collins' sole source of income was his Veterans' benefits in the amount of $2,021.00 per month received due to his blindness, and held that federal law exempts these benefits from awards of alimony pendente lite.
At the trial on the merits, judgment was rendered granting a separation from bed and board to Newton Collins and finding mutual fault. An amended judgment was signed on September 14, 1983, incorporating the court's previous judgment denying alimony pendente lite.
*1010 Pearley Collins appeals the adverse rulings.
VETERANS BENEFITS
In his reasons for judgment the trial judge found that Mr. Collins had virtually no source of income other than his Veterans' benefits. He stated that Veterans' benefits are exempt from awards of alimony pendente lite by the language of the Statute. 38 U.S.C.A. § 3101(a) states with regard to Veterans' benefits that:
"Payments of benefits due or to become due under any law administered by the Veterans' Administration shall not be assignable except to the extent specifically authorized by law, and such payments made to, or on account of, a beneficiary shall be exempt from taxation, shall be exempt from the claim of creditors, and shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary."
Based on this language the trial judge concluded that Mrs. Collins is not entitled to an award of alimony pendente lite and terminated the previous award. We disagree.
Under our law, marriage is a civil contract. La.C.C. Art. 86. Its legal effects and consequences are regulated by the laws of the State. La.C.C. Art. 87. One of the consequences of the contract of marriage is the duty to support which one spouse owes another. La.C.C. Art. 119; Hingle v. Hingle, 369 So.2d 271 (La.App. 4th Cir.1979). The legal effects and consequences continue until the marriage is dissolved by death or divorce. "Separation from bed and board does not dissolve the bond of matrimony, since the separated husband and wife are not at liberty to marry again; but it puts an end to their conjugal cohabitation, and to the common concerns, which existed between them." La.C.C. Art. 136. The right to alimony pendente lite of a needy spouse springs from the duty of support which one spouse owes another until death or divorce ends the marriage. La.C.C. Art. 148; La.C.C. Art. 119; Arceneaux v. Arceneaux, 426 So.2d 745 (La.App. 3rd Cir.1983); O'Pry v. O'Pry, 425 So.2d 986 (La.App. 5th Cir. 1983); Hingle v. Hingle, supra. To deny the obligation to pay alimony pendente lite would be to deny the obligation of spouses to support one another during marriage.
Mr. Collins was obliged to, and did support Mrs. Collins out of his Veterans' benefits during the time they lived together. His obligation to support her out of whatever income and assets are available to him continues until their marriage is dissolved by divorce.
An award of alimony pendente lite is not an "attachment, levy, or seizure" as contemplated in 38 U.S.C.A. § 3101(a).
"Article 148 alimony provides for judicial enforcement of the husband's obligation to support her under Arts. 119 and 120. These obligations result from the marriage itself and are not a mere appendage to separation and divorce proceedings. Cortes v. Fleming, 307 So.2d 611 (La.1973), Small v. Small, 173 So.2d 854 (La.App. 4th Cir.1965). The obligations are not `debts' due by the spouses but are simply recognized legal duties to be enforced by the court by means of an alimony order. `A right to receive or demand support (or money, in order to afford support) is something other and different than a right to receive and be paid a technical legal debt.' State v. King, 49 La.Ann. 1503, 22 So. 887 (1897)." Gondrella v. Gondrella, 347 So.2d 938 (La.App. 4th Cir.1977).
The provisions of 38 U.S.C.A. § 3101(a) do not apply to awards of alimony pendente lite. The duty to pay alimony pendente lite does not arise as the result of the judicial process. An award of alimony pendente lite is the legal enforcement of a marital duty rather than a process for the collection of a debt. If no other income is available for the purpose, Mr. Collins must use his Veterans' benefits for the support of Mrs. Collins when she "has not a sufficient income for maintenance pending suit". La.C.C. Art. 148. The trial judge erred in discontinuing the previous award of alimony pendente lite.
*1011 MUTUAL FAULT
La.C.C. Art. 141 states that "A separation from bed and board shall be granted although both spouses are mutually at fault in causing the separation." In order to grant a separation based on mutual fault, the trial court must find that the fault of each party would constitute an independent ground for separation under La.C.C. Art. 138. The fault of the parties need not be equal but the fault of each, taken separately, must be sufficient upon which to grant a separation. Harrington v. Campbell, 413 So.2d 297 (La.App. 3rd Cir.1982).
Appellant argues that the trial judge erred in finding mutual fault under the factual circumstances of this case. She further contends that the trial record does not show sufficient fault on her part to grant a separation on that basis alone.
Mr. Collins contends that Mrs. Collins was cold to him, showed no affection, was constantly picking fights and bickering, and refused to take him to places he needed to go.
Mrs. Collins and witnesses on her behalf, including her pastor and her daughter by Mr. Collins, testified that Mrs. Collins never raised her voice to Mr. Collins, never fought with him, took care of him, and took him wherever he needed to go. They further testified that Mr. Collins had cursed Mrs. Collins and picked fights with her. In addition, there was testimony to the effect that Mr. Collins was seeing another woman, Hattie Wyndham. Mr. Collins and Ms. Wyndham both testified that she took him places out of charity when his wife refused to do so. It was stated that the relationship went no further than friendship.
The trial judge, after hearing all the testimony, found mutual fault. In divorce and separation proceedings, the trial court's factual findings on the issue of fault must be given substantial weight. These findings will not be overturned unless manifestly erroneous. Harrington, supra. Much discretion must be granted to the trial judge in evaluating the weight of the evidence and the credibility of the witnesses. Pearce v. Pearce, 348 So.2d 75 (La.1977).
In view of the unique position of the trial judge with regard to the testimony given, we cannot find that the factual findings made at the trial court level are manifestly erroneous.
For the above reasons we rule as follows:
The judgment of the trial court with regard to alimony pendente lite is reversed. The previous award of alimony in the amount of $400.00 per month is reinstated.
That portion of the judgment finding the parties mutually at fault is affirmed.
Each party shall bear his or her own costs of appeal.
REVERSED IN PART; AFFIRMED IN PART.