616 So.2d 786 (1993)
Hoye JENKINS, Plaintiff-Appellee,
v.
Georgianne JENKINS, Defendant-Appellant.
No. 24654-CA.
Court of Appeal of Louisiana, Second Circuit.
March 31, 1993.
*787 Robert J. Donovan, Shreveport, for defendant-appellant.
Iley H. Evans, Columbia, for plaintiff-appellee.
Before HIGHTOWER, VICTORY and STEWART, JJ.
VICTORY, Judge.
Georgianne Ellen Howell Jenkins appeals the denial of her incidental demand for alimony pendente lite against her ex-husband, Hoye Allen Jenkins. Finding her appeal has merit, we reverse and render.

FACTS
Married in 1978, the Jenkins lived together for 13 years as husband and wife before separating on August 15, 1991. Mr. Jenkins then sued his wife for divorce on August 23, 1991, resulting in Mrs. Jenkins filing an incidental demand for alimony pendente lite and use of several items, including an automobile.
A hearing was scheduled for November 20, 1991 to consider Mrs. Jenkins' demands, however, by the time of the hearing, all matters were apparently settled except for alimony pendente lite. Because Mr. Jenkins failed to attend the hearing, briefs and affidavits of income and expenses were submitted by both parties and the court took the issue of alimony pendente lite under advisement. At that time, Mr. Jenkins' counsel apparently argued that his client's income, which consisted entirely of VA compensation, social security disability, and Air Force disability, was exempt from any alimony calculations.
Mr. Jenkins' affidavit showed his net monthly income to be $1,837.37. Mr. Jenkins' expenses were listed at $1,691.14, therefore, his stated income exceeded his stated expenses by $146.23 per month. On the other hand, Mrs. Jenkins showed a net monthly income of $309.00 and expenses of $1,333.56, which exceeds her income by $1,024.56.
On April 15, 1992, the trial court signed a judgment of divorce in Mr. Jenkins' favor. The same day the trial court filed reasons for judgment which denied alimony pendente lite and cast Mrs. Jenkins for costs. Those reasons stated, in pertinent part:
The Court has studied the record, briefs, and supplemental briefs along with the exhibits, which are in evidence. After careful consideration of the matter, and upon reviewing the applicable federal statutes and state jurisprudence, the Court is of the opinion that plaintiff-in-rule is not entitled to an award of alimony pendente lite.
The trial court signed a judgment denying alimony pendente lite on May 4, 1992, and Mrs. Jenkins filed a motion for new trial the same day.
In denying the motion for new trial on May 27, 1992, the trial court stated that the "main reason" for refusing to award Mrs. Jenkins alimony pendente lite was the court's conclusion, based on statutes and jurisprudence, that the judgment against Mr. Jenkins would not have been enforceable. Upon denial of the motion, Mrs. Jenkins filed this appeal.

DISCUSSION
Mrs. Jenkins argues that the trial court erred in finding Mr. Jenkins' income from social security and veterans benefits could not be used for payment of alimony. This issue was specifically addressed by the Fifth Circuit in Vassallo v. Vassallo, 540 So.2d 1300 (La.App. 5th Cir.1989), which held that social security and veterans disability benefits are properly considered in setting alimony pendente lite. See also Gibson v. Gibson, 592 So.2d 855 (La.App. *788 3d Cir.1992) and Robinson v. Robinson, 412 So.2d 633 (La.App. 2d Cir.1982), which discuss consideration of this income for the purpose of child support and alimony. Compare Washington v. Washington, 418 So.2d 748 (La.App. 4th Cir.1982) and Terjersen v. Terjersen, 420 So.2d 704 (La.App. 4th Cir.1982), which we decline to follow. Instead, we choose to follow Vassallo. Therefore, the trial court should have considered Mr. Jenkins' income from his veterans and social security benefits, and made an award of alimony pendente lite to Mrs. Jenkins.
Alimony pendente lite is governed by LSA-C.C. Art. 111, formerly LSA-C.C. Art. 148:
If a spouse has not a sufficient income for maintenance pending suit for divorce, the judge may allow the claimant spouse, whether plaintiff or defendant, a sum for that spouse's support, proportioned to the needs of the claimant spouse and the means of the other spouse.
Generally an award of alimony pendente lite should be proportionate to the need of the claimant spouse and the means of the other spouse. If the needs of the claimant exceed the ability of the other spouse to pay, then the award should be fixed at an amount which will, as much as possible, be just and fair to both parties. The purpose of alimony pendente lite is to provide temporary support for the spouse who does not have sufficient income for his or her maintenance during litigation. Essentially, it is designed to maintain the status quo of the economic circumstances of the marriage. Schelldorf v. Schelldorf, 568 So.2d 168 (La.App. 2d Cir.1990).
Considering the disparity in income between the parties when Mr. Jenkins' veterans and social security benefits are taken into consideration, and the above stated guidelines to follow in setting an award, the trial court erred as a matter of law in failing to award Mrs. Jenkins alimony pendente lite. Her unchallenged needs are far greater than her income, and she did not have sufficient means to maintain herself during litigation.
When the Court of Appeal decides that the trial court has abused its discretion in setting alimony or child support, it is required to assess the evidence anew from the record and render a judgment on the merits as if it were a trial court, rather than to remand the case for further proceedings below. Hogan v. Hogan, 549 So.2d 267 (La.1989). Therefore, we will set alimony pendente lite.
The only evidence in the record concerning income and expenses are the affidavits of the parties. As previously noted, Mr. Jenkins' gross monthly income is $1,837.37, while Mrs. Jenkins' income is only $309. The record reflects that Mrs. Jenkins abandoned a claim for use of the family automobile at the hearing. Thus, we have disregarded the automobile expenses listed in her affidavit. Based on the remaining information in both affidavits, we award Mrs. Jenkins $586 per month alimony pendente lite. This figure takes into consideration Mr. Jenkins' expenses and ability to pay, as well as Mrs. Jenkins' expenses and income.
Alimony pendente lite begins at the date of filing for the support, in accordance with LSA-R.S. 9:310, and continues until a final divorce, i.e., a definitive judgment of divorce. The record in this case does not indicate whether an appeal was taken from the divorce judgment. Accordingly, alimony pendente lite will be awarded retroactive from the date of filing for the support, October 29, 1991, through the date the divorce judgment became or becomes definitive. See Hogan v. Hogan, supra; Miguez v. Miguez, 604 So.2d 1056 (La.App. 2d Cir.1992), writ denied 608 So.2d 194 (La.1992).
The allocation of court costs is subject to the discretion of the trial court and will not be disturbed absent evidence of an abuse of that discretion. Schelldorf v. Schelldorf, supra. In light of our reversal, the assessment of costs against Mrs. Jenkins by the trial court must also be reversed. Accordingly, Mr. Jenkins is now ordered to pay the costs at trial and on appeal.

*789 DECREE

The portion of the judgment denying Mrs. Jenkins alimony pendente lite is reversed. Alimony pendente lite is awarded to Mrs. Georgianne Jenkins and against Mr. Hoye Jenkins in the amount of $586.00 per month, beginning October 29, 1991 and until the divorce judgment became or becomes definitive.
The portion of the judgment assessing all costs against Mrs. Jenkins is reversed. All costs in the trial court and in this court are to be assessed against Mr. Jenkins.
REVERSED AND RENDERED; COSTS ASSESSED.