942 So.2d 605 (2006)
Patsy N. WALKER, Plaintiff-Appellee,
v.
Allen Dean WALKER, Defendant-Appellant.
No. 41,573-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 2006.
*607 Allen Dean Walker, In Proper Person, Appellant.
Thomas N. Thompson, Lafayette, for Appellant.
Bobby Sutton, Shreveport, for Appellee.
Before BROWN, DREW, and MOORE, JJ.
BROWN, Chief Judge.
In this post-divorce action, defendant, Allen Dean Walker, has appealed from the trial court's judgment finding plaintiff, Patsy N. Walker, free from fault in the dissolution of the marriage and awarding her final periodic spousal support. Defendant also challenges, in the alternative, the amount of the final periodic spousal support. For the reasons contained herein, we affirm.

Facts and Procedural Background
Allen and Patsy Walker were married on December 29, 1989, and physically separated on April 18, 2005. They were both previously married and had children and grandchildren from their prior unions. Their marriage to each other, however, did not produce any issue. On April 21, 2005, Patsy filed a petition for divorce, requesting interim and final periodic spousal support pursuant to La. C.C. art. 102.
On June 30, 2005, a Rule Nisi was heard by the trial court and Allen was ordered to pay interim periodic support to Patsy in the amount of $750 per month retroactive to the date Patsy filed for divorce. Following the hearing on interim support, on March 22, 2006, the trial court heard Patsy's Rule Nisi for final periodic support, as well as her motion for an article 102 divorce. After hearing testimony from a number of witnesses, the trial court rendered a judgment of divorce and termination of the community. The trial court found that Patsy was free from fault and ordered that Allen pay final spousal support in the sum of $500 per month for 32 months.
Allen now appeals pro se, alleging that the trial court erred in finding that Patsy was without fault and awarding her final periodic spousal support.

Discussion
Fault
Allen contends that the trial court erred in finding that Patsy was free from fault in the dissolution of their marriage and therefore entitled to final periodic spousal support.[1] Allen alleges that Patsy abandoned him and treated his children and grandchildren cruelly and therefore, the trial court was clearly wrong in finding that she was free from fault.[2]
*608 Fault is a threshold issue in a claim for spousal support. Hutson v. Hutson, 39,901 (La.App.2d Cir.08/09/05), 908 So.2d 1231; Jenkins v. Jenkins, 38,873 (La.App.2d Cir.09/22/04), 882 So.2d 705. In a proceeding for divorce or thereafter, the court may award interim periodic support to a party or may award final periodic support to a party free from fault prior to the filing of a proceeding to terminate the marriage, based on the needs of the party and the ability of the other party to pay. La. C.C. art. 111. A spouse who petitions for permanent support need not be totally blameless. Only misconduct of a serious nature, providing an independent contributory or proximate cause of the breakup, equates to legal fault. Id.; Lyons v. Lyons, 33,237 (La.App.2d Cir.10/10/00), 768 So.2d 853, writ denied, 00-3089 (La.01/05/01), 778 So.2d 1142. Legal fault includes, but is not limited to, habitual intemperance or excesses, cruel treatment or outrages, and abandonment. Id.
The trial court has immense discretion in matters regarding determination of fault for purposes of precluding final periodic support. The trial court's finding of fact on the issue of fault will not be disturbed unless manifestly erroneous. Roan v. Roan, 38,383 (La.App.2d Cir.04/14/04), 870 So.2d 626. Even in situations where an appellate court feels its own evaluations are more reasonable than the factfinder's, reasonable evaluations of credibility should not be disturbed where conflict exists in testimony. Id.
The two grounds upon which Allen alleges that Patsy's legal fault is based are cruel treatment and abandonment. To prove abandonment a party must show that the other party has withdrawn from the common dwelling without lawful cause or justification, and the party has constantly refused to return to live with the other. Id.; Hutson, supra. It is undisputed that Patsy moved out of the matrimonial domicile and that she refuses to return. What is disputed, however, is whether Patsy's withdrawal from her and Allen's common dwelling was justified.
Patsy moved out of the matrimonial domicile on April 18, 2005. She testified that prior to moving out she had endured years of physical and verbal abuse and as a result the marriage was insupportable. More specifically, Patsy and her grandson Joshua testified that the Saturday before she moved out, Allen raised his fist over Patsy and threatened to "beat her to a pulp." Allen vehemently denied ever abusing Patsy. Obviously, the trial court made a credibility call and found that Patsy's withdrawal from the common dwelling was justified. This decision was within the trial court's discretion.
To prove cruel treatment a party needs to show a continued pattern of mental harassment, nagging, and griping by one spouse directed at the other so as to make the marriage insupportable as mere bickering and fussing do not constitute cruel treatment for purposes of denying alimony. Lyons, supra; Hutson, supra.
Allen contends that Patsy's treatment of his children and grandchildren impacted his peace of mind and his relationship with his children. Allen, his son and daughter-in-law, and his grandchildren all testified that Patsy did not invite them over, she would not let them wear their shoes in the house, she would fuss when they wasted soda or took the phone outside, and she would call them derogatory names. Whether this conduct was such as to rise from fussing to cruel treatment is a *609 fact question. After taking this testimony into consideration, the trial court implicitly found that Patsy's actions did not rise to the level of cruel treatment so as to make the marriage insupportable. Accordingly, given the trial court's vast discretion, we cannot say that its determination was manifestly erroneous.
Final Spousal Support
Allen, in the alternative, argues that if Patsy is found to be free from fault she should be precluded from final spousal support because it would be "double dipping." Allen, who recently retired, will collect a monthly check from Social Security and the National Electrical Benefit Fund, as well as a one-time lump sum payment from his local profit sharing plan. The latter two plans make up Allen's retirement. Allen contends that since Patsy will receive money from both plans, in proportion to the number of years they were married, he should be precluded from having to pay her additional money from his remaining portion. As Allen argues it, allowing Patsy to receive her portion of his retirement money as well as part of his portion would be "double dipping." Although Allen's "double dipping" argument is without merit, the portion of community funds that Patsy will receive from the National Electrical Benefit Fund and from the profit sharing plan have a bearing on Allen's ability to pay and Patsy's need for receiving final spousal support.
Allen argues that paying $500 per month for 32 months would prevent him from being able to afford the necessities of life since he is no longer physically capable of working. Through Social Security and the National Electrical Benefit Fund, Allen's monthly income is approximately $2,100 to $2,500. His portion of the profit sharing plan is $104,000, which can be withdrawn in one lump sum. Patsy will receive $28,000 from the profit sharing plan, which she can withdraw in a lump sum. She will also receive $240 monthly for the remainder of her life from the National Electrical Benefit Fund. In addition, at the end of the 32-month period, she will be eligible for Social Security benefits. Patsy owns her own mobile home but pays $100 per month for lot rental. However, due to her disabilities, she has to pay $300 per month in prescription costs.
Thus, after taking into account the parties' monthly income and expenses, both parties' inability to work, and each one's portion of the profit sharing plan, we cannot say that the trial court abused its discretion in determining the amount of the support award.

Conclusion
For the reasons set forth above, the judgment of the trial court awarding final periodic support to Patsy Walker in the amount of $500 per month for 32 months is hereby affirmed.[3]
NOTES
[1] The trial court did not state any factual findings or reasons for judgment. However, a request pursuant to La. C.C.P. art. 1917(A) was not made by either party.
[2] In addition to arguing Patsy's fault, Allen argues that he was not at fault. This argument, however, is of no consequence since the only fault presently at issue is Patsy's.
[3] Allen has also argued that the testimony of one of the witnesses was prejudicial hearsay. This, however, is not appealable since it was not objected to at trial. Thus, we have decided to forgo further discussion on the matter.