NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CA 10-524


SHARON MARIE (BURNS) MARTIN

VERSUS

KEVIN LYNN MARTIN


**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 82,055 DIVISION A
HONORABLE VERNON BRUCE CLARK, DISTRICT JUDGE

**********

BILLY HOWARD EZELL
JUDGE

**********

Court composed of Jimmie C. Peters, Billy Howard Ezell, and Shannon J. Gremillion, Judges.

AFFIRMED.


Lloyd Keith Milam
P. O. Box 610
DeRidder, LA 70634
(337) 462-1200
Counsel for Defendant/Appellant:
Kevin Lynn Martin

**Elvin Clemence Fontenot, Jr.**
**110 East Texas Street**
**Leesville, LA 71446**
**(337) 239-2684**
**Counsel for Defendant/Appellant:**
**Kevin Lynn Martin**

**Scott Westerchil**
**301 South 3rd Street**
**Leesville, LA 71446**
**(337) 238-0019**
**Counsel for Plaintiff/Appellee:**
**Sharon Marie (Burns) Martin**

**EZELL, JUDGE.**

Kevin Martin appeals a trial court judgment awarding his wife, Sharon Marie Burns Martin, interim spousal support. While not questioning her need for interim spousal support, he asserts that the award was excessive.

## FACTS

Kevin and Sharon were married on June 3, 1989. Two sons were born during the marriage. On September 30, 2009, Sharon filed a petition for divorce. In her petition she sought domiciliary custody of the minor son, child support, and interim spousal support.

A hearing was held on January 25, 2010. The parties stipulated that there would be joint custody of the minor child with Sharon designated as the domiciliary parent. Sharon would receive $1,500.00 a month in child support. Kevin agreed to maintain health and dental insurance on both Sharon and the minor child, pending further orders. Sharon would receive possession of the home and its contents pending a division of the community property settlement. Kevin agreed to continue paying the house note and house insurance pending the property settlement. Sharon would receive an Avalanche truck, a Yamaha four-wheeler, and a Chevrolet truck. Kevin would receive the Harley Davidson motorcycle and Mitsubishi truck. Kevin also agreed to pay the State Farm credit card.

The only issue remaining at trial was the amount of interim spousal support. The trial court received evidence and heard testimony on the issue. Prior to trial, Kevin had been paying Sharon $2,500.00 a month. This included $1,500.00 in child support and $1,000.00 for her expenses. Testimony revealed that Sharon was not employed and had never had a job. Kevin is a mechanic supervisor for Diamond Offshore Drilling in Houston. He has worked there for twenty-seven years. He is based out of Perth, Australia and works one month on and one month off.

1

The trial court determined that Kevin's average take-home pay was $13,000.00 a month. Deducting his own personal expenses and the child support obligation of $1,500.00 a month, the trial court concluded that Kevin had disposable income of about $6,900.00 a month. The trial court then found that Sharon was entitled to $3,000.00 a month in interim spousal support, retroactive to the date of filing of the petition for divorce.

Kevin appeals the trial court judgment, claiming that the award of $3,000.00 for interim spousal support is excessive. He asserts that the trial court erred in finding he had $13,000.00 in net income as opposed to between $10,000.00 and $11,000.00. He further claims that there is no evidence to support an award for Sharon's entertainment expenses as part of her monthly expenses. Lastly, Kevin claims that the trial court should have deducted the amount of the house note and insurance which he pays and benefits Sharon.

## INTERIM SPOUSAL SUPPORT

During the pendency of a divorce action, a spouse may seek an award of interim spousal support. La.Civ.Code art. 113.

> This award, if granted, is based on the needs of the spouse, the ability of the other spouse to pay, and the standard of living the couple enjoyed during their marriage. *Id.* The intent of interim spousal support is to allow the spouse seeking such assistance to maintain a standard of living pending the outcome of the divorce status quo with that maintained during the marriage.

*Loftin v. Loftin*, 09-795, p. 7 (La.App. 3 Cir. 2/3/10), 28 So.3d 1274, 1279.

"The spouse seeking interim spousal support bears the burden of proving his or her entitlement to such support." *Loftice v. Loftice*, 07-1741, p. 5 (La.App. 3 Cir. 3/26/08), 985 So.2d 204, 207. The trial court must evaluate the needs of the spouse, the ability of the non-claimant spouse to pay, and their standard of living during the marriage in determining whether the claimant spouse is entitled to interim spousal

2

support. *Id.*

In order to prove her need for interim spousal support, a claimant must establish "that she lacks sufficient income or the ability to earn a sufficient income to sustain the style or standard of living that she enjoyed while she resided with the other spouse." *Id.* "The needs of the claimant spouse have been defined as the total amount sufficient to maintain that spouse in a standard of living comparable to that enjoyed prior to the separation, limited only by the other spouse's ability to pay." *Id.* "Once the claimant spouse has established need, the court must examine the ability of the payor spouse to provide support." *Id* at 208.

"A trial court is granted vast discretion in deciding whether to award support in such instances, and its decision will not be reversed on appeal absent a clear abuse of discretion." *Loftin*, 28 So.3d at 1280.

Kevin claims that the trial court incorrectly determined his monthly net income to be $13,000.00 when the testimony and evidence established that it was between $10,000.00 and $11,000.00.

Upon cross-examination, Kevin admitted that his average gross monthly income was $14,600.00. After payroll deductions, he agreed that his take-home pay amounted to $10,000.00 to $11,000.00 a month. We agree that the evidence establishes that this is Kevin's monthly take-home pay.

However, the trial court then took into account his expenses of $5,001.00 and his child support obligation of $1,500.00 to find he had a disposable income of $6,900.00. We find that this actually left him with $6,499.00 of disposable income using the $13,000.00 per month figure. Considering that his take-home pay is $10,000.00 to $11,000.00 a month, this now leaves him with a disposable income of $4,499.00.

3

Therefore, the trial court properly found that Kevin was in a position to afford to pay interim spousal support. Kevin can still afford to pay $3,000.00 in interim spousal support to meet Sharon's own personal needs and have $1,199.00 left in disposable income.

Kevin also takes issue with the trial court's determination that Sharon was entitled to entertainment expenses arguing that they were not sufficiently proven by Sharon. Entertainment expenses are properly considered as expenses for interim spousal support purposes. *See Guillory v. Guillory*, 09-929 (La.App. 3 Cir. 2/3/10), 28 So.3d 1257.

Sharon testified that she would go out and eat occasionally and would go to the casino two to three times a month. She estimated that she spends $300.00 to $350.00 a month on these expenses. Kevin agreed that when they were married they would go out to eat occasionally and that Sharon would go to the casino on occasion.

We find there was sufficient testimony to establish Sharon's entertainment expenses. The trial court did not err in including those expenses as part of Sharon's needs.

Finally, Kevin asserts that consideration should have been given to the fact that he was paying the house note and insurance and he should have received credit since these payments directly benefitted Sharon. He cites *Hitchens v. Hitchens*, 38,339 (La.App. 2 Cir. 5/12/04), 873 So.2d 882, as support. In *Hitchens*, the second circuit found it was error for the trial court to include the cost of medical insurance as one of the wife's expenses when the husband was directly paying for the medical insurance through his employer.

Sharon did not include any housing costs or associated insurance as part of her claimed expenses. Therefore, the trial court did not err in not giving Kevin credit for payment of these items.

4

We find the trial court did not abuse its discretion in awarding Sharon $3,000.00 a month in interim spousal support. The judgment of the trial court is affirmed. Costs of this appeal are assessed to Kevin Martin.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules-Courts of Appeal. Rule 2-16.3.

5